**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Erin M. Burris**, OSB No. 155379
erin.burris@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants Portland Public Schools, Chandra Wilson-Cooper, and Deanne Froehlich*

**Rebekah Schultheiss**, OSB No. 121199
rebekah@millardoffices.com
Law Offices of Rebekah Millard, LLC
P.O. Box 7582
Springfield, Oregon 97475
Telephone: (707) 227-2401

**Kathryn S. Cosgrove** (*admitted pro hac vice*)
kcosgrove@libertyjusticecenter.org
**Timothy R. Snowball** (*admitted pro hac vice*)
tsnowball@libertyjusticecenter.org
**Timothy E. Kilcullen** (*admitted pro hac vice*)
tkilcullen@libertyjusticecenter.org
PARENTS Initiative of the Liberty Justice Center
1629 K Street N.W., Ste 300
Washington, D.C. 20006
Telephone: (312) 637-2280

*Attorneys for Plaintiff Allison Roberts*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLISON ROBERTS,

Plaintiff,

v.

PORTLAND PUBLIC SCHOOLS; CHANDRA WILSON-COOPER; and DEANNE FROEHLICH,

Defendants.

Case No. 3:26-cv-01680-SB

STIPULATED ORDER RESOLVING CERTAIN REQUESTS FOR RELIEF IN PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On August 12, 2026, Plaintiff filed this lawsuit against PPS asserting three claims for relief claims under the First and Fourteenth Amendments. On August 24, 2026, Plaintiff filed a Motion for Preliminary Injunction (the "Motion") seeking preliminary injunctive relief based on those claims. Through counsel, Plaintiff Allison Roberts and defendants Portland Public Schools ("PPS"), Chandra Wilson-Cooper, and Deanne Froehlich ("Defendants") (collectively, the

"parties"), have conferred about the matters in this Stipulated Order Resolving Certain Requests for Relief in Plaintiff's Motion for Preliminary Injunction and Continuing the Hearing on Plaintiff's Motion for Preliminary Injunction (the "Order"). The parties request that this Court enter this Order to continue the hearing on the Motion and resolve aspects of Plaintiff's Complaint and Motion for Preliminary Injunction (the "Motion").

The parties hereby stipulate as follows:

**STIPULATION**

1. PPS will allow Plaintiff to request for both her children an exemption from all LGBTQ2SIA+ curriculum and learning activities under PPS's districtwide process for the 2026-27 school year.

2. PPS will immediately process and approve Plaintiff's request for the exemption identified in Paragraph 1, once it is submitted.

3. Within 7 days of the date of this Order, Plaintiff will provide the PPS with specific, written demands for policy changes she believes are necessary to resolve the remaining issues in the Motion. The parties will continue to engage in meaningful conferral regarding whether PPS will pursue any policy changes concerning these issues.

4. At any time prior to the hearing on the Motion, in the event that either of Plaintiff's children disclose to PPS that they are transgender, that they are transitioning, or that they are exploring their gender identity, the parties agree that PPS will notify Plaintiff of such information unless PPS has a reasonable belief of a serious risk of abuse or neglect, as defined in 419B.005, to either child that might arise from the notification, as determined by the student's building administrator in consultation with PPS's General Counsel and the Chief of Student Support Services.

5. The parties agree that PPS has withdrawn its June 1, 2026, email to Plaintiff titled "Formal Warning" concerning Plaintiff's May 28, 2026, activities (the "June 1, 2026, email"). PPS recognizes that Plaintiff has certain First Amendment rights that cannot be infringed upon by the Harassment policy, which includes the right to peacefully distribute literature in a public forum such as a sidewalk and criticize PPS officials and policies. Nothing in this paragraph shall be construed as providing Plaintiff with any rights or privileges beyond those guaranteed by the First Amendment.

6. The parties further agree that based on the stipulation in Paragraph 5 herein, Plaintiff is no longer seeking an order to rescind the June 1, 2026, email.

7. Within 60 days of this Order, PPS will review its Nondiscrimination/Anti-Harassment Policy, Board Policy 1.80.020-P, and consider any relevant changes to ensure that its policy is consistent with the First Amendment. As part of this process, PPS will consider any changes submitted by Plaintiff. Nothing in this provision shall require PPS to make any specific changes, or any changes at all, to its policy.

8. Within 14 days of entry of this Order, PPS will rescind its February 6, 2026, Trespass Notice. Plaintiff shall then be allowed to access Lewis only after she meets with the PPS team, physically or remotely, to discuss her reintegration and communication plan going forward, and that meeting will be scheduled as soon as reasonably possible. Attorneys for either party can be present at the meeting, either physically or remotely.

9. The parties further agree that based on the stipulation in Paragraph 7 herein, Plaintiff is no longer seeking prospective injunctive relief concerning the District's February 6, 2026, Trespass Notice.

10. This stipulation and the Order entered do not constitute an admission of liability or wrongdoing by any party and shall not be construed as such in this or any other proceedings.

11. This stipulation may not be used as evidence regarding any irreparable harm alleged by Plaintiff.

12. Based on the foregoing, the parties agree that Plaintiff's Motion for Preliminary Injunction as to Claim I and II of Plaintiff's complaint are now resolved, and the Motion can be denied without prejudice as to any relief sought pursuant those claims. The parties further agree that Plaintiff may continue to seek any and all remaining injunctive relief with respect to Claim III.

It is so stipulated.

Dated: October 26, 2026

LAW OFFICES OF REBEKAH MILLARD, LLC

*s/Rebekah Schultheiss*

Rebekah Schultheiss, OSB No. 121199
rebekah@millardoffices.com
Law Offices of Rebekah Millard, LLC
P.O. Box 7582
Springfield, Oregon 97475
Telephone: (707) 227-2401

Kathryn S. Cosgrove *(admitted pro hac vice)*
kcosgrove@libertyjusticecenter.org
Timothy R. Snowball *(admitted pro hac vice)*
tsnowball@libertyjusticecenter.org
Timothy E. Kilcullen *(admitted pro hac vice)*
tkilcullen@libertyjusticecenter.org
PARENTS Initiative of the Liberty Justice Center
1629 K Street N.W., Ste 300
Washington, D.C. 20006
Telephone: (312) 637-2280

*Attorneys for Plaintiff Allison Roberts*

MILLER NASH LLP

*s/Michael Porter*

Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Erin M. Burris, OSB No. 155379
erin.burris@millernash.com
1140 SW Washington St, Ste 700
Portland, Oregon 97205
Phone: 503.224.5858
Fax: 503.224.0155

*Attorney for Defendants Portland Public Schools, Chandra Wilson-Cooper, and Deanne Froehlich*

The Court has reviewed the above stipulation AND HEREBY ORDERS the parties to abide by the commitments set forth in the stipulation. The Hearing on Plaintiff's Motion for Preliminary Injunction is hereby CONTINUED to December 1, 2026 at 2:00 p.m.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2026.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge

4919-1192-9052.1